# EXHIBIT A

Electronically FILED by Superior Court of California, County of Riverside on 05/02/2024 12:11 PM
Case Number CVPS2402954 0000091896270 - Jason B. Galkin, Executive Officer/Clerk of the Court By Tanisha Hill, Clerk

1 │ PAUL S. MARKS, State Bar No. 138407
2 │   pmarks@neufeldmarks.com
   │ **NEUFELD MARKS**
   │   **A Professional Corporation**
3 │ 250 E. 1st Street, Suite 1101
   │ Los Angeles, California  90012
4 │ Telephone:   (213) 625-2625
   │ Facsimile:    (213) 625-2650
5 │
   │ Attorneys for plaintiff Maris Moon
6 │
7 │
8 │             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9 │                     **COUNTY OF RIVERSIDE**
10 │

11 │ MARIS MOON,                        CASE NO.    CVPS2402954

12 │          Plaintiff,               **COMPLAINT FOR DAMAGES**

13 │   vs.

14 │ ANITA GOEL; and
   │ DOES 1 through 50, inclusive,
15 │
   │          Defendants.
16 │
17 │
18 │
19 │   Plaintiff Maris Moon alleges as follows:

20 │                     <u>**THE PARTIES**</u>

21 │   1.      Plaintiff Maris Moon is a resident of Riverside County, California with

22 │ over twenty years of consulting and executive experience. He is the former Managing

23 │ Partner and CEO of Coronado Bay Capital in San Diego, a boutique firm that

24 │ specialized in the private placement of capital, usually in the commercial real estate

25 │ sector.

26 │   2.      Defendant Anita Goel ("Dr. Goel") is a resident of Massachusetts with

27 │ professorships and fellowships at Harvard University, The Massachusetts Institute of

28 │ Technology (MIT), and Taksha University at the NASA Ames Research Center.  She is

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

─────────────────────────────────
COMPLAINT

a nanobiophysicist and inventor, whose innovations and inventions in the field of biophysics and diagnostic testing have been repeatedly and publicly lauded in the scientific community. Among Dr. Goel's claimed inventions is a device called Gene-Radar that she claims is able to read and compare DNA from a single drop of blood or saliva, thereby securing results for any disease in less than an hour, with according to her public statements, "gold standard" accuracy.

3.     Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, various Nanobiosym entities were and are business entities that were established by Dr. Goel to develop, invent, test, market, and sell her various inventions or provide diagnostic testing services. Dr. Goel is the owner and sole proprietor of the entities named herein.

4.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained, together with such other allegations as may be appropriate.

5.     Plaintiff is informed and believes, and on that basis alleges, that each defendant listed herein is the agent of every other defendant, and in performing the actions described in this complaint, each defendant was acting within the scope of that agency. Further, each defendant is the alter ego of every other defendant herein, such that each defendant in equity should be held responsible under law for the damages caused by every other defendant herein.

### GENERAL ALLEGATIONS

6.     Beginning in or around 2016, Dr. Goel retained plaintiff to consult on capital formation strategy, to originate strategic alliances, and to introduce consultants or potential partners in the areas of investment banking, manufacturing and distribution. These efforts were to support an invention called Gene-Radar that arose from a technological breakthrough she claims to have made. Specifically,

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

NEUFELD MARKS
A PROFESSIONAL CORPORATION
2501 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1  plaintiff was retained to locate and establish relationships with potential partners

2  and sources of capital. Plaintiff worked tirelessly on Dr. Goel's behalf to assemble the

3  elements necessary for the capital, development, manufacture, and distribution of

4  Dr. Goel's invention, Gene-Radar, which is generally related to diagnostics, blood

5  testing, DNA testing, and nanobiophysics developments. Dr. Goel's central claim is

6  that Gene-Radar has the ability to decipher the DNA of any disease by placing a drop

7  of blood or saliva on a nanochip and placing it in the Gene-Radar device for under one

8  hour. Dr. Goel claims that the machine will produce a result with "gold standard

9  accuracy".  Plaintiff was engaged under the direct supervision of Dr. Goel, rendering

10  services to several entities under her control. In the context of the commercial

11  production of Gene-Radar, plaintiff's efforts were expended for the benefit of

12  Nanobiosym and Nanobiosym Diagnostics. During the establishment of Nanobiosym

13  Precision Testing Services and Nanobiosym Laboratories, plaintiff was asked to

14  identify capital and strategic partnerships and arranged meetings accordingly.

15  Furthermore, in a situation of financial exigency for the Nanobiosym Education and

16  Research Institute, plaintiff dedicated time and resources to aid in fundraising

17  endeavors.

18          7.      On many occasions and in front of witnesses, Dr. Goel agreed to

19  compensate plaintiff for his services with cash, stock, and convertible notes.  The

20  parties negotiated standard legal agreements which Dr. Goel elected not to execute,

21  and over a period of years Dr. Goel did demand that plaintiff instead needed to be

22  compensated without written agreements, since having written agreements would

23  supposedly compromise any potential future Initial Public Offerings or other similar

24  transactions. Dr. Goel engaged plaintiff under deceptive pretenses, resulting in

25  plaintiff squandering significant time and resources on what Dr. Goel always knew

26  would amount to nothing more than a fool's errand for plaintiff because Gene-Radar

27  was simply not commercially viable at the time plaintiff was engaged by Dr. Goel, and

28  only Dr. Goel knew this. To date, the device has never been manufactured. This lack of

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1  transparency and the omission of critical details raise serious questions about the

2  veracity of many of Dr. Goel's scientific claims about Gene-Radar and the legitimacy of

3  the operations of Nanobiosym, Nanobiosym Precision Testing Services, Nanobiosym

4  Diagnostics, and Nanobiosym Laboratories.

5      8.     Dr. Goel routinely incentivized plaintiff to continue performing the

6  services he agreed to perform over a total period of six years, with false promises of

7  future compensation.  Plaintiff's reasonable expectation was to earn many millions of

8  dollars from his work for Dr. Goel.

9      9.     Plaintiff performed his obligations under the contract with Dr. Goel by

10  presenting numerous trusted individuals, entities, and capital sources, each ready,

11  willing, and able to invest money or human capital in Dr. Goel's ventures, in exchange

12  for profit participation or other remuneration.  Such partnerships would have

13  permitted Dr. Goel (1) to put capable manufacturing in place; (2) to form large

14  amounts of growth capital; and (3) to establish long-lasting relationships with the

15  influential individuals, titans of industry, and financial institutions that were

16  introduced to her by plaintiff, his partners, and his contacts.  Inexplicably, Dr. Goel

17  repeated a pattern of evading numerous invitations to invest or partner presented by

18  plaintiff and others, relationships she had appeared to foster.  Dr. Goel repeatedly

19  avoided and circumvented every situation that would have required her technology

20  to undergo rigorous inspection, evaluation and validation over the period plaintiff

21  consulted for her.  Instead, Dr. Goel continued receiving government defense

22  consulting contracts, paid speaking engagements and professorships arising from the

23  reputation of her invention and her considerable academic achievements.

24      10.    Plaintiff also deployed funds to cover the operating costs and legal fees

25  of servicing Dr. Goel's capital requests, and to establish two single-purpose funds that

26  would invest in manufacturing Dr. Goel's invention Gene-Radar, as directed by

27  Dr. Goel, and gave Dr. Goel advice on the funds and their income sources. After the

28  funds were established, Dr. Goel abruptly reversed course and instructed plaintiff to

1   not accept any investment into the funds, leaving plaintiff with two worthless hedge

2   funds, as well as having wasted valuable goodwill with major investors.  Dr. Goel also

3   coerced plaintiff into helping her obtain releases from several other brokers who

4   were contacts of the defendant, which plaintiff did.  Dr. Goel then asked plaintiff if

5   they could keep working together without the others and plaintiff and Dr. Goel

6   worked together for several years following the release without any compensation to

7   plaintiff despite her repeated promises.  Eventually, plaintiff only continued to

8   provide the services hoping to recoup lost time, money, and opportunity cost.

9          11.    Notwithstanding Dr. Goel's repeated and unfulfilled promises, plaintiff

10  has not been compensated for his countless hours of consulting and related services,

11  and his success in performing the obligations required of him.  Indeed, on

12  information and belief, Dr. Goel never had any intention of compensating plaintiff;

13  rather, the entire relationship was based on deceitful promises that were intended to

14  perpetuate a false appearance on the part of Dr. Goel of seeking out strategic partners

15  for a supposedly groundbreaking technology while hiding the fact that the device was

16  not as capable as she had publicly claimed. Dr. Goel has thwarted many attempts by

17  plaintiff's contacts, as well as contacts that have no connection to plaintiff, to help

18  produce or distribute her invention Gene-Radar, even after she solicited their

19  participation and feigned interest in partnership, participation or investment with

20  them.

21         12.    Dr. Goel has showcased her Gene-Radar device in contests and has

22  received substantial awards such as the X-Prize.  She has made numerous public

23  statements that her testing technology will "decentralize and mobilize healthcare for

24  8 billion people" and is capable of "changing the world," yet she repeatedly avoided

25  and circumvented any situation that would have allowed it to reach the market, even

26  during a global pandemic where testing was one of the most vital sciences.  By doing

27  this, she induced plaintiff to repeat these statements to all of the potential partners or

28  investors he brought to Dr. Goel, harming his reputation.

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

13.     There is a topic of significant contextual relevance which unfolded in parallel with Dr. Goel's assertion of her invention and subsequent abrupt reversals when later confronted with opportunities to materialize Gene-Radar. Around the time that plaintiff was engaged by Dr. Goel, another start-up based in California was subjected to investigation and later prosecution for making a strikingly similar claim about being able to use a drop of blood and have it analyzed by their proprietary machines. This company, Theranos, helmed by its founders Elizabeth Holmes and Ramesh 'Sunny' Balwani, orchestrated an extensive fraud in the realm of blood testing, leading to public health implications. Following a criminal trial, they were found guilty and sentenced to lengthy prison terms, resulting in investors incurring losses amounting to $724 million. The scandal that enveloped Theranos had repercussions and altered the landscape of the biotech industry. In full cognizance of the potential for examination that may inevitably be directed towards her, Dr. Goel consciously chose to continue to assert to the public sphere and to her professional network that all was fine and that she was in the process of procuring capital and advancing the production of Gene-Radar. This was further evidenced by the creation of illustrative diagrams and statistical representations by Dr. Goel, ostensibly delineating the purported disparities between Theranos and Nanobiosym. In truth, plaintiff can only conclude he was engaged by Dr. Goel solely to maintain the facade of progress in advancing Gene-Radar, only to systematically thwart any and all opportunities to actualize this, whether from plaintiff's introduction or from her own contacts within her opportunity-rich environment of the campuses at Harvard/MIT, or within the paid speaking circuits on which she travels. Coincidentally, as the Theranos controversy began to command national attention, Dr. Goel ceased to participate in competitions with Gene-Radar. Furthermore, according to the list of accolades on her Harvard biography page, she has not been the recipient of any awards for Gene-Radar subsequent to the year 2015. This discrepancy between Dr. Goel's public portrayal and her actual actions raises serious concerns about the

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1  legitimacy of her claims and supports plaintiff's assertion that Dr. Goel knowingly
2  defrauded him of his time and resources.

3       14.    Dr. Goel deceitfully told plaintiff, potential partners and capital sources
4  that Dr. Robert Langer, the engineer with possibly the most honorary citations in
5  history, had examined and approved her science.  When questioned by a major
6  investor brought by plaintiff, Dr. Langer confessed that he had neither used nor
7  tested her science, or even seen her laboratory -- which is situated near the MIT
8  campus where his own biotechnology laboratory is located.  This disclosure damaged
9  plaintiff's reputation with one of his most valuable partners.

10       15.    Plaintiff  did occasionally inquire as to why Dr. Goel was reluctant to
11  simply commence the manufacturing of her devices. Over time, she shifted her story
12  to assert that she was simply awaiting approval from the FDA (Food and Drug
13  Administration). Of course, FDA approval is wholly unnecessary for Dr. Goel to
14  provide Gene-Radar to every country in the world other than the United States, which
15  is comprised of less than 5% of the world's population. Dr. Goel made assertions to
16  plaintiff and in front of witnesses that the Prime Minister of India had expressed
17  interest in placing one of her Gene-Radar devices in every village across India. She
18  further claimed that the President of Brazil had asked to procure an initial order of
19  five thousand Gene-Radar machines. Dr. Goel professed to be engaged in direct
20  discussions about manufacturing Gene-Radar with a political consultant named Jared
21  Kushner at the White House during the Covid-19 pandemic. Concurrently, while
22  Dr. Goel was seemingly undermining every opportunity to bring her invention to
23  market, she was also delivering paid speeches and interviews, extolling the potential
24  life-saving impact of deploying her battery-powered device, Gene-Radar, in the most
25  remote villages on earth. As of the date of this legal submission, Dr. Goel has yet to
26  secure FDA approval for Gene-Radar and has never brought a single unit to market.

27       16.    Despite years of assertions publicly positioning herself as a disruptor to
28  the multi-billion-dollar PCR testing industry, Dr. Goel is only currently offering Saliva

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

PCR Covid tests performed on machines manufactured by other companies. She is not performing tests for other diseases. Dr. Goel does propose a nebulous "Nano Test" upgrade yet provides scant information regarding its implications. In fact, Dr. Goel's website is now conspicuously devoid of any discourse pertaining to Gene-Radar. The sole instance of its mention is within a promotional video in the center of the nanobiosym.com website where she makes her central claims about the device's efficacy. All Nanobiosym websites are notably sparse on substantive information. In lieu of providing a comprehensive explanation on Dr. Goel's testing-related website, www.nanobiosym-testing.com, the sole description offered for what is termed a "Nano Test" is as follows: "The NANO Test™ is more sensitive and accurate than typical PCR tests and much more sensitive and accurate than typical antigen tests, enabling earlier detection." That quote is the full extent of the information Dr. Goel deigns to provide. At no juncture does Dr. Goel foreground her assertion that she possesses the capability to utilize a mere droplet of blood or saliva, place it upon a nanochip, and decipher the DNA of any disease with an accuracy that meets the gold standard, all within a time frame of less than an hour. There is a conspicuous absence of any reference to Gene-Radar, and very little allusion to her purportedly revolutionary technology, nor any explanation of the operational mechanics of these tests. Plaintiff had every reason to believe that if the capabilities of Gene-Radar had been real, Dr. Goel would be among the most renowned scientists of our time in light of the recent pandemic and other health crises where diagnostics have played a critical role.

17.    Dr. Goel's claims of being "on a mission" to help people in poor countries were pivotal to influencing plaintiff's decision to extend credit to Dr. Goel, and to acquiesce to a lack of memorialization of their agreements as stipulated by Dr. Goel— credit which he would never have offered to any of his other clients, past or present. Dr. Goel knew this and took advantage of plaintiff's generosity over a period spanning six years. The lack of concrete evidence supporting these claims, coupled with Dr.

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1 Goel's actions, raises serious concerns about the credibility of her assertions and the

2 legitimacy of the purported invention she hired plaintiff to assist her in

3 commercializing.

4     18.     Upon receipt of the initial correspondence following plaintiff's

5 engagement of legal representation for this matter, Dr. Goel made no attempt to

6 rectify any misunderstandings. Contrarily, Dr. Goel promptly called plaintiff's current

7 employer, a potential crucial witness for plaintiff, and inflamed him in an effort to

8 unsettle plaintiff's professional standing, and dissuade plaintiff's employer's

9 willingness to be a witness. Moreover, this was an act of retaliation against plaintiff

10 which was meant to intimidate him away from what she perceives as whistleblowing.

11 Dr. Goel has characterized and dismissed this matter as a "shake down". Plaintiff has

12 worked on countless consulting projects for over twenty years and had never

13 pursued legal action against anyone, including former clients with unpaid fees.

14     19.     Throughout the duration of the association between plaintiff and Dr.

15 Goel, plaintiff observed Dr. Goel cultivate an environment characterized by stringent

16 secrecy and confidentiality. She demanded for plaintiff to adhere to minimal

17 communication via email, claiming the need to "keep my eventual IPO

18 uncomplicated." In hindsight, it appears that Dr. Goel was merely endeavoring to

19 shield herself from potential future legal proceedings. Significantly, in

20 correspondence over this legal matter, Dr. Goel has persistently urged plaintiff to

21 produce emails substantiating his allegations. This action can be seen as a mere

22 extension of the stratagem orchestrated by Dr. Goel that included refusing to

23 memorialize agreements with plaintiff and his partners for compensation. Despite the

24 secrecy, plaintiff and his partners have hundreds of emails, phone calls, and text

25 records pertaining to his work for Dr. Goel. In another example of stratagem, during

26 several discussions contemplating remuneration structures with plaintiff and his

27 associates, Dr. Goel would contemplate aloud and in an awkward manner the

28 distinctions between the tasks undertaken by plaintiff and those of a conventional

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

9
COMPLAINT

1   broker-dealer, an institutional license for the direct offering of securities. Plaintiff has
2   never expressed, nor has he ever harbored, any interest in assuming the role of a
3   broker-dealer. It was noted on multiple occasions by one of plaintiff's partners that
4   should a dispute arise concerning compensation, he suspected Dr. Goel may resort to
5   this argument as a defense strategy to diminish plaintiff's contributions. This
6   prediction proved to be accurate, as Dr. Goel has indeed attempted to haphazardly
7   introduce this argument into the dialogue, in an effort to justify her stance of not
8   owing plaintiff for his services. Overwhelming evidence will show that plaintiff
9   worked as a consultant and never offered securities to anyone. Dr. Goel had always
10  agreed to compensate plaintiff as a consultant based on the valuation of Nanobiosym
11  following a series of investments made into the company, which would have been
12  many millions of dollars in cash and stock. The veil of secrecy extends to
13  Nanobiosym's board of directors which comprises individuals who lack experience in
14  her scientific field, and the normal guardrails one would expect in a scientific
15  organization such as Dr. Goel's do not exist. This raises serious concerns about the
16  governance and oversight of her operations and supports plaintiff's claim that Dr.
17  Goel negligently hired him and induced him to expend resources on false pretenses.

18      20.    Plaintiff bore witness to Dr. Goel's punitive actions towards those she
19  perceived as lacking in loyalty, a prime example being the aforementioned call to
20  plaintiff's employer. Dr. Goel aggressively pursued, and still pursues, strict non-
21  disclosure agreements with everyone introduced to her through the course of her
22  work. She purports that her motivations lie in safeguarding her intellectual property,
23  yet Dr. Goel consistently refrains from sharing the kind of technical information that
24  would instill confidence in potential investors or partners. With further regard to
25  Dr. Goel's character, while investigating this claim plaintiff was made aware of
26  evidence that Dr. Goel fabricated numerous fake Glassdoor reviews by creating
27  dozens of fake accounts pretending to be happy former employees of Nanobiosym,
28  ostensibly to counteract highly critical reviews from a few former employees.

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1 | Another example, which was perhaps the first red flag to plaintiff, is that Dr. Goel

2 | contacted plaintiff and told him that the automotive-related Ford family office was

3 | demanding the return of money they had either invested or lent to Nanobiosym

4 | Education and Research Institute, Dr. Goel's research institute. Although she shared

5 | few details, Dr. Goel made it clear that the Ford family were unimpressed with their

6 | return on investment, or even perhaps with the investment itself. Dr. Goel instructed

7 | plaintiff to frantically search for replacement dollars to appease the Ford family,

8 | which plaintiff did. Plaintiff was not made aware of the final outcome of that matter.

9 | All of these vignettes demonstrate Dr. Goel's lack of regard for transparency or the

10 | truth, and further illustrate a pattern of intentional dishonesty.

### FIRST CAUSE OF ACTION

(Promissory Fraud)

21. Plaintiff realleges and incorporates by this reference all preceding paragraphs of this complaint as if set forth in full herein.

22. In making the promises and assertions described hereinabove, defendants intended to induce plaintiff to expend resources, to provide services, to expend funds, and to perform all the other services discussed with Dr. Goel, in return for monetary compensation.

23. Said promises and assertions were false, and defendants knew them to be false at the time of their making.

24. Plaintiff reasonably relied on the promises and other assertions made by defendants.

25. As a result of defendants' promissory fraud, plaintiff has been damaged in an amount to be proven at trial, but not less than $3,000,000. Plaintiff is also entitled to punitive damages.

### SECOND CAUSE OF ACTION

(Fraud by Concealment)

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1     26.     Plaintiff realleges and incorporates by this reference all preceding

2 paragraphs of this complaint as if set forth in full herein.

3     27.     Defendants made promises and statements to plaintiff, intending to

4 induce plaintiff to expend resources, to provide services, to expend funds, and to

5 perform all the other services discussed with Dr. Goel, in return for monetary

6 compensation.  At the time the promises and statements were made, defendants

7 concealed from plaintiff the true facts that Gene-Radar was not commercially viable,

8 and that they had no intention of accepting investment monies or new members to its

9 board that could help with manufacturing or financing, and no intention of

10 compensating plaintiff for the services he performed.

11     28.     Had the plaintiff known of the true facts, he would not have entered into

12 the business relationship with defendants.

13     29.     As a result of defendants' concealments, plaintiff has been damaged in

14 an amount to be proven at trial, but not less than $3,000,000.  Plaintiff is also entitled

15 to punitive damages.

16                       **THIRD CAUSE OF ACTION**

17                       (Fraud by Misrepresentation)

18     30.     Plaintiff realleges and incorporates by this reference all preceding

19 paragraphs of this complaint as if set forth in full herein.

20     31.     Defendants falsely advised plaintiff that they would compensate him for

21 services he expended in seeking out capital partners and funds, in spending money to

22 establish two separate investment funds, and in performing all the other services

23 discussed with Dr. Goel.  At the time the representations were made, defendants

24 knew the representations to be false; rather, the true facts were that defendants had

25 no intention of accepting investment or partnership opportunities presented by

26 plaintiff, and no intention of compensating plaintiff for the services he performed.

27     32.     Plaintiff reasonably relied on the false representations.

28

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1ˢᵗ Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

33.     As a result of defendants' conduct, plaintiff has been damaged in an amount to be proven at trial, but not less than $3,000,000.  Plaintiff is also entitled to punitive damages.

## FOURTH CAUSE OF ACTION

### (Negligent Misrepresentation)

34.     Plaintiff realleges and incorporates by this reference all preceding paragraphs of this complaint as if set forth in full herein.

35.     Defendants advised plaintiff that they would compensate him for services he expended in seeking out capital partners and funds, in spending money to establish two separate investment funds, and in performing all the other services discussed with Dr. Goel.  At the time the representations were made, defendants should have known the representations were false, yet said defendants acted negligently and/or recklessly in so advising plaintiff, without a reasonable basis in fact for doing so.  Instead, the true facts were that defendants were not interested in accepting investment or partnership opportunities presented by plaintiff, and no interest in compensating plaintiff for the services he performed.

36.     Plaintiff reasonably relied on the negligently false representations, and sustained harm as a result thereof.

37.     As a result of defendants' conduct, plaintiff has been damaged in an amount to be proven at trial, but not less than $3,000,000.

## FIFTH CAUSE OF ACTION

### (Breach of Contract)

38.     Plaintiff realleges and incorporates by this reference all preceding paragraphs of this complaint as if set forth in full herein.

39.     Plaintiff and defendants entered into an oral agreement to retain plaintiff to assist in the development and marketing of the various inventions Dr. Goel claims to have made.  Specifically, plaintiff was retained to locate and establish relationships with various strategic partners, and capital sources to provide the

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

elements necessary for the development, manufacture, and distribution of Dr. Goel's Inventions. GeneRadar, which is generally related to breakthroughs in human health by way of advances in DNA testing and related nanobiophysical developments.

40. Dr. Goel and the other defendants agreed to compensate plaintiff for his services with cash, stock, and convertible notes.

41. Plaintiff performed his obligations under the contract.

42. Defendants breached the contract by not compensating plaintiff.

43. As a result of defendants' conduct, plaintiff has been damaged in an amount to be proven at trial, but not less than $3,000,000.

## SIXTH CAUSE OF ACTION

(Violation of Business and Professions Code Section 17200)

44. Plaintiff realleges and incorporates by this reference all preceding paragraphs of this complaint as if set forth in full herein.

45. California Business and Professions Code section 17200 prohibits any "unlawful, unfair or fraudulent business act or practice" that causes harm to any resident or business within the State of California.

46. By engaging in the deceitful, negligent, unlawful, fraudulent, and unfair practices referred to above, defendants have harmed plaintiff.

47. As a result of defendants' conduct, plaintiff is entitled to restitution, damages, and repayment of sums expended, in an amount to be proven at trial, but not less than $3,000,000.

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1. For general damages according to proof, but not less than $3,000,000.

2. For punitive damages.

3. For costs of suit herein incurred.

4. For such other and further relief as the court may deem proper.

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1 DATED: May 1, 2024

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NEUFELD MARKS
  A Professional Corporation
Paul S. Marks

By: _____

Paul S. Marks
Attorneys for plaintiff Maris Moon

NEUFELD MARKS
A PROFESSIONAL CORPORATION
250 E. 1st Street • Suite 1101 • Los Angeles, California 90012
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

Electronically FILED by Superior Court of California, County of Riverside on 05/02/2024 12:11 PM
Case Number CVPS2402954 0000091896271 - Jason B. Galkin, Executive Officer/Clerk of the Court By Tanisha Hill, Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Paul S. Marks, Esq. SBN: 138047 Neufeld Marks 250 E. 1st Street, Suite 1101, Los Angeles, California 90012 TELEPHONE NO.: 213-625-2625 FAX NO.: 213-625-2650 EMAIL ADDRESS: pmarks@neufeldmarks.com ATTORNEY FOR *(Name)*: Plaintiff Maris Moon | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 3255 E Tahquitz Canyon Way
MAILING ADDRESS: 3255 E Tahquitz Canyon Way
CITY AND ZIP CODE: Palm Springs, CA 92262
BRANCH NAME: Palm Springs Courthouse

CASE NAME: Maris Moon vs. Anita Goel et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $35,000)   [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CVPS2402954 JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [X] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* six (6)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 1 , 2024

Paul S. Marks, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
      Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic*
    *relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

Westlaw Doc & Form Builder™



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
www.riverside.courts.ca.gov

**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) –**
*INFORMATION PACKAGE*

**\*\*\* THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE
ON EACH PARTY WITH THE COMPLAINT. \*\*\***

---

## What is ADR?

Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration, and settlement conferences.

## Advantages of ADR:

- Faster: ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive: Parties can save court costs and attorneys' and witness fees.
- More control: Parties choose their ADR process and provider.
- Less stressful: ADR is done informally in private offices, not public courtrooms.

## Disadvantages of ADR:

- No public trial: Parties do not get a decision by a judge or jury.
- Costs: Parties may have to pay for both ADR and litigation.

## Main Types of ADR:

**Mediation:**   In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone.  If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:

- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:

- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**   Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial.  In "non-binding" arbitration, any party can request a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is non-binding.

**Page 1 of 2**

<u>Arbitration may be appropriate when the parties:</u>
- ⚖ want to avoid trial, but still want a neutral person to decide the outcome of the case.

<u>Arbitration is not appropriate when the parties:</u>
- ⚖ do not want to risk going through both arbitration and trial (Judicial Arbitration)
- ⚖ do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## <u>RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS</u>

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

### <u>General Policy</u>:
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

### Court-Ordered ADR:
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

### Private ADR (for cases not ordered to arbitration or mediation):
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

### BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - ⚖ Your preferences for mediation or arbitration.
   - ⚖ Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

### RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:
- ⚖ The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk's office, attorney window.
- ⚖ Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
  Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015
  Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900
  Chapman University School of Law Mediation Clinic (services only available at the court)

**Page 2 of 2**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-ADR001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                    FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | CASE NUMBER: <br><br> CASE MANAGEMENT CONFERENCE DATE(S): |

### STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)
(CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference.  If eligible, the parties agree to participate in:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation          ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration    ☐ Other (describe): _____

Proposed date to complete ADR: _____

### SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.

_____
(PRINT NAME OF PARTY OR ATTORNEY)
☐ Plaintiff  ☐ Defendant

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(DATE)

_____
(PRINT NAME OF PARTY OR ATTORNEY)
☐ Plaintiff  ☐ Defendant

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(DATE)

_____
(PRINT NAME OF PARTY OR ATTORNEY)
☐ Plaintiff  ☐ Defendant

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(DATE)

_____
(PRINT NAME OF PARTY OR ATTORNEY)
☐ Plaintiff  ☐ Defendant

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(DATE)

**Page 1 of 1**

Adopted for Mandatory Use
Riverside Superior Court
Form RI-ADR001  [Rev. 01/01/12]
[Reformatted 05/01/16]

### ALTERNATIVE DISPUTE RESOLUTION
### (ADR) STIPULATION

Statutory Authority
riverside.courts.ca.gov/localforms/localforms.shtml

Electronically FILED by Superior Court of California, County of Riverside on 05/02/2024 2:01 PM
Case Number CVPS2402954 0000091896272 - Jason B. Galkin, Executive Officer/Clerk of the Court By Tanisha Hill, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☒ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |
| ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | |

**RI-CI032**

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*<br>Paul S.Marks, SBN 138407<br>Neufeld Marks<br>250 E. 1st Street, Suite 1101 Los Angeles, CA 90012<br><br>TELEPHONE NO: (213) 625-2625    FAX NO. *(Optional)* (213) 625-2650<br>E-MAIL ADDRESS *(Optional):* pmarks@neufeldmarks.com<br>ATTORNEY FOR *(Name):* Plaintiff Maris Moon | |
| PLAINTIFF/PETITIONER: Maris Moon | |
| DEFENDANT/RESPONDENT: Anita Goel et al. | CASE NUMBER:<br>CVPS2402954 |

| CERTIFICATE OF COUNSEL |
|---|

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒    The action arose in the zip code of:    92253

☐    The action concerns real property located in the zip code of:

☐    The Defendant resides in the zip code of:

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date    May 1, 2024

Paul S. Marks, Esq.
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

►      *(SIGNATURE)*

Electronically FILED by Superior Court of California, County of Riverside on 05/02/2024 12:11 PM
Case Number CVPS2402954 0000091896273 - Jason B. Galkin, Executive Officer/Clerk of the Court By Tanisha Hill, Clerk

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** ANITA GOEL; and
*(AVISO AL DEMANDADO):* DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** MARIS MOON
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Riverside
3255 E Tahquitz Canyon Way
Palm Springs, CA 92262

CASE NUMBER:
*(Número del Caso):* CVPS2402954

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Paul S. Marks, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Neufeld Marks
250 E. 1st Street, Suite 1101, Los Angeles, California 90012          213-625-2625

DATE:
*(Fecha)* 5/2/2024

Clerk, by _____ , Deputy
*(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

GC68150(g)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™